UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Scott Johnson,<br><br>        Plaintiff,<br><br>  v.<br><br>PRB Management, LLC; and DOES 1-10,<br><br>        Defendants.* | No.  2:14-cv-01900-GEB-AC<br><br>**ORDER TO SHOW CAUSE, CONTINUING STATUS (PRETRIAL SCHEDULING) CONFERENCE, AND VACATING DISMISSAL ORDER** |

        The January 22, 2015, Order to Show Cause and Continuing Status (Pretrial Scheduling) Conference scheduled a status conference in this case on February 23, 2015, and required Plaintiff and former Defendant Marcel Chiang to file a joint status report no later than fourteen (14) days prior to the scheduling conference. Although Plaintiff filed a response to the Order to Show Cause, no status report was filed as ordered.

        Therefore, Plaintiff is Ordered to Show Cause ("OSC") in a writing to be filed no later than February 23, 2015, why sanctions should not be imposed against him and/or his counsel under Rule 16(f) of the Federal Rules of Civil Procedure for failure to file a timely status report. The written response shall also state whether Plaintiff or his counsel is at fault,

---

* The caption has been amended according to the stipulated dismissal of Defendant Marcel Chiang. (See ECF No 12.)

1

and whether a hearing is requested on the OSC.[1] If a hearing is requested, it will be held on March 23, 2015, at 9:00 a.m., just prior to the status conference, which is rescheduled to that date and time. **A joint status report shall be filed no later than fourteen (14) days prior to the status conference.**

Further, in light of PRB Management, LLC's January 23, 2015 Answer, (ECF No. 15), and January 26, 2015 Response to the Court's OSC,[2] (ECF No. 17), the December 23, 2014 Dismissal Order, (ECF No. 10), is VACATED nunc pro tunc.

IT IS SO ORDERED.

Dated: February 12, 2015

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

---

[1] "If the fault lies with the attorney, that is where the impact of sanction should be lodged. If the fault lies with the clients, that is where the impact of the sanction should be lodged." In re Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985). Sometimes the faults of attorneys, and their consequences, are visited upon clients. Myers v. Shekter (In re Hill), 775 F.2d 1385, 1387 (9th Cir. 1985).

[2] Although not ordered to, PRB Management, LLC responded to the January 22, 2015 OSC.

2